IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CE'DRICK J. BROWN                                                                                          PLAINTIFF

v.            Civil No. 6:24-CV-06017-SOH-CDC

MAJOR FREDRICK OTTS; SERGEANT B. MORGAN; and
CORPORAL SHANLEVER
                                                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ce'drick J. Brown, a prisoner, filed this civil rights matter generally alleging that the defendants used excessive force against him in violation of his constitutional rights. (ECF No. 10). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this action to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is what the Court views as Plaintiff's Motion to Intervene. (ECF No. 24). This undersigned finds that no further response is necessary. This matter is, therefore, ripe for this Court's consideration; and, for the reasons outlined below, the undersigned recommends that Plaintiff's Motion to Intervene (ECF No. 24) be **DENIED**.

### I.      BACKGROUND

Plaintiff has filed a self-styled "Notice of Eminent Danger," requesting that the Court intervene because staff and inmates at the Cummins Unit, where he is currently incarcerated, are gossiping about him and slandering him. (ECF No. 24). Plaintiff asserts that he is in "eminent

danger." *Id.* Because Plaintiff requests Court intervention and considering pro se pleadings are to be liberally construed, this Court views Plaintiff's Notice as a Motion for injunctive relief under Fed. R. Civ. P. 65.

## II.   LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure applies to motions for injunctive relief. Fed. R. Civ. P. 65. In determining whether to grant such motions, courts consider the following *Dataphase* factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4), whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). Further, a "mere possibility" irreparable harm will occur is insufficient. *Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1156 (8th Cir. 2021). "A movant must show he is *likely* to suffer irreparable harm in the absence of preliminary relief" to establish the need for injunctive relief. *Id*. (emphasis added). The burden of proof for a preliminary injunction rests on the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has

instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id*. (internal quotations omitted).

### III.  DISCUSSION

Plaintiff's request for Court intervention fails. As a threshold matter, while Plaintiff requests Court "intervention," he does not specify what exactly he requests the Court to do if it were to "intervene." In any event, Plaintiff's request for equitable relief fails under the *Dataphase* factors. Even if Plaintiff established that he was likely to succeed on the merits of his claims (and this Court does not reach this factor), Plaintiff's request for equitable relief ultimately fails because he has not established *any* risk of harm if the injunction is not granted.

While Plaintiff claims he is in imminent danger and that third parties (who are not named as defendants to this lawsuit) are slandering him, he offers no facts in support of these claims. Further, he does not explain why or how "gossiping" about him or "staring" at him is evidence that he would likely suffer imminent irreparable harm absent court intervention, nor does Plaintiff describe what form the purported harm would likely take. *See S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 778 (8th Cir. 2012) ("To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that here is a clear and present need for equitable relief.") (quoting *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (internal quotation omitted)). Plaintiff, therefore, has failed to establish that he is at risk of suffering *any* harm, let alone establish sufficient facts showing that the harm is imminent and likely irreparable.

In considering the third and fourth *Dataphase* factors—the balance between the harm to

the movant and the harm that the injunction's issuance would inflict on other interested parties, and whether the issuance of an injunction is in the public interest—this Court is also mindful that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Indeed, it is well established that "the administration of prisons is not within the province of the courts except in the *very rare* case where there is *undisputed evidence* demonstrating that an inmate is subject to an 'unusually high risk of physical danger.'" *Thomas v. Kelley*, Case No. 6:19-CV-06108, 2020 WL 4760166 at *2 (W.D. Ark. July 30, 2020) (quoting *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983) (emphasis added), *report and recommendation adopted by* 2020 WL 4760153 (W.D. Ark. Aug. 17, 2020). Here, Plaintiff has failed to assert sufficient facts to suggest that this is one of those rare cases warranting federal court intervention into the operation of the state prison system. As noted above, Plaintiff has failed to articulate *any* risk of harm absent court intervention. Accordingly, the *Dataphase* factors weigh against granting equitable relief in this case. Plaintiff's Motion for Court Intervention, (ECF No. 24), should, therefore, be **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion to Intervene (ECF No. 24) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: CASE REMAINS REFERRED.**

DATED this 7th day of August 2024.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE