IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CE'DRICK J. BROWN                                                                                         PLAINTIFF

v.          Civil No. 6:24-CV-06017-SOH-CDC

MAJOR FREDRICK OTTS; SERGEANT B. MORGAN; and
CORPORAL SHANLEVER
                                                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ce'drick J. Brown, a prisoner, filed this civil rights matter generally alleging that the defendants used excessive force against him in violation of his constitutional rights. (ECF No. 10). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this action to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Intervene, his second. (ECF No. 26).[1] Defendants have filed no response and their opportunity to do has now passed. This matter is, therefore, ripe for this Court's consideration; and, for the reasons outlined below, the undersigned recommends that Plaintiff's Motion to Intervene (ECF No. 26) be **DENIED**.

I.          BACKGROUND

Plaintiff's "Motion to Intervene" consists of a wide-ranging list of grievances unrelated to

---

[1] Plaintiff has also filed two motions to appoint counsel. (ECF Nos. 27, 28). Those motions will be addressed in a separate order.

1

his claims against officials not named as defendants to this action. For example, Plaintiff says that on August 8, 2024, and August 9, 2024, Ashley King rejected his grievance in violation of his due process rights. He claims that Lieutenant Moni Stinyard has been "harassing" him and filing false disciplinary reports against him. He says that on August 8, 2024, he was found guilty of one of those disciplinary violations. He also claims that on August 8, 2024, he was "cut off" from accessing his tablet, and that his request for a law library pass was denied because he did not submit paperwork showing that he was subject to a court-mandated filing deadline.

Plaintiff further claims that when he was in custody in Camden, Arkansas, he was required to sleep on a thin mattress; his criminal case was continued without just cause; he was tased in the stomach by Officer Potter; and officials neglected to timely give him lunch. Additionally, he says that when he was detained at the Omega Unit, he was provided secondhand socks and boxer shorts and "dry-rotted" t-shirts, causing skin infections; he was not allowed an hour out of his cell when he was punitive segregation from January 26, 2024, to April 17, 2024; and his cell was searched in violation of the Fourth Amendment. Finally, he asserts several allegations against the parole board, claiming parole board members spread misinformation about him to officials at the Omega Unit, and that he was "cheated out" of his approved parole plan. Plaintiff requests "any such remedies this Court deems appropriate and just." (ECF No. 26, p. 8).

## II.    LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure applies to motions for injunctive relief. Fed. R. Civ. P. 65. In determining whether to grant such motions, courts consider the following *Dataphase* factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict

on other interested parties; and (4), whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

As a threshold matter, however, "[t]he purpose of intermediate injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is to preserve the status quo and protect the plaintiff from the harms alleged in his complaint until the court has the opportunity to rule on the merits of the plaintiff's claims." *Saylor v. Frakes*, Case No. 8:20CV264, 2022 WL 767604, *1 (D. Neb. Mar. 14, 2022) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). A party moving for such relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (quoting *Devose*, 42 F.3d at 471). "A plaintiff may not obtain a preliminary injunction based on new assertions of mistreatment that are entirely different from the claims raised and the relief requested in his underlying complaint. *Id.* (quoting *Devose*, 42 F.3d at 471).

### III.   DISCUSSION

This is Plaintiff's second request for federal court "intervention." See (ECF No. 24). Again, this Court views Plaintiff's motion as a request for some sort of injunctive relief, such as a restraining order, pursuant to Fed. R. Civ. P. 65. But this request, like the first, fails as a matter of law but for an entirely separate reason.

Here, Plaintiff has failed to establish how any of the injuries he asserts in his motion are related to his claims. Plaintiff's Amended Complaint asserts that on or about January 26, 2024,

Defendants Morgan, Shanlever, and Otts used force against him even though he was complying with their orders. (ECF No. 10). None of the grievances Plaintiff identifies in his motion concern this alleged excessive force incident. Thus, Plaintiff's request for federal court intervention should be denied on the grounds that Plaintiff has failed to show how the injuries he describes in his motion are related to his claims. This Court need not, then, analyze his request for injunctive relief under the four *Dataphase* factors.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion to Intervene (ECF No. 26) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: CASE REMAINS REFERRED.**

DATED this 3rd day of October 2024.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE